UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————————
EPHRAM LAHASKY,

              *Petitioner*,

UNTIED STATES OF AMERICA,
DOUGLAS SHULMAN, Commissioner of
Internal Revenue, and NEENA I. SINGH,
Revenue Agent

              *Respondents*.
———————————————————————

Case No. 09-Misc.-0688 (ADS)

# RESPONDENTS' MEMORANDUM OF LAW IN OPPOSITION TO PETITIONER'S MOTION TO QUASH, AND IN SUPPORT OF CROSS-MOTION TO ENFORCE, INTERNAL REVENUE SERVICE THIRD PARTY SUMMONS

LORETTA E. LYNCH
United States Attorney
Eastern District of New York
*Attorney for the Respondents*
610 Federal Plaza
Central Islip, New York 11722

ROBERT W. SCHUMACHER
Assistant U.S. Attorney

# **TABLE OF CONTENTS**

STATEMENT OF FACTS ................................................................. 1

ARGUMENT .................................................................................. 4

    THE SUMMONS SERVED UPON CAPITAL ONE SHOULD BE ENFORCED ..... 4

        I.    The IRS Has Established Its *Prima Facie* Case For Enforcement ............. 4

                A.    The IRS Issued The Summons For A Legitimate Purpose ............. 6

                B.    The Summoned Information May Be Relevant To The Investigation Of Petitioner's Tax Returns ................................. 7

                C.    The IRS Does Not Possess The Summoned Information ............. 9

                D.    The IRS Followed All Procedures Required By The Internal Revenue Code ............................................................. 9

        II.    Petitioner Cannot Meet Their "Heavy Burden" To Quash The Summons ............................................................................. 10

CONCLUSION ............................................................................... 12

# TABLE OF AUTHORITIES

**FEDERAL CASES**

Foster v. United States, 265 F.2d 183 (2d Cir. 1959) .................................................. 8

Oklahoma Press Pub' Co. v. Walling, 327 U.S. 186 (1946) ...................................... 10

PAA Mgmt., Ltd. v. United States, 962 F.2d 212 (2d Cir. 1992) ................................ 5

United States v. Arthur Young & Co., 465 U.S. 805 (1984) .......................... 4, 5, 7, 8

United States v. Davey, 543 F.2d 996 (2d Cir. 1976) .............................................. 5, 8

United States v. Euge, 444 U.S. 707 (1980) ............................................................ 4, 5

United States v. Harrington, 388 F.2d 520 (2d Cir. 1968) .......................................... 8

United States v. LaSalle Nat'l Bank, 437 U.S. 298 (1978) ........................... 5, 6, 10, 11

United States v. Noall, 587 F.2d 123 (2d Cir. 1978) .................................................. 8

United States v. Powell, 379 U.S. 48 (1964) ....................................................... 5-8, 10

United States v. White, 853 F.2d 107 (2d Cir. 1988) ............................................ 5-7, 10

**FEDERAL RULES**

Fed. R. Evid. 401 ....................................................................................................... 7

**FEDERAL STATUTES**

26 U.S.C. § 7602(a) ............................................................................................ 4, 6, 7

26 U.S.C. § 7609(a)(3) ............................................................................................. 10

26 U.S.C. § 7609(b)(2)(A) ......................................................................................... 5

Respondents the United States of America, Douglas Shulman, Commissioner of the Internal Revenue Service (the "IRS"), and Neena I. Singh, Revenue Agent, (collectively "Respondents"), by their undersigned attorney, Loretta E. Lynch, United States Attorney, Eastern District of New York, Robert W. Schumacher, Assistant United States Attorney, of counsel, respectfully submit this memorandum of law in opposition of Petitioner Ephram Lahasky's ("Petitioner") motion to quash, and in support of Respondents' cross-motion to enforce, an IRS summons that was duly issued and served on third party Capital One N.A. ("Capital One").

## STATEMENT OF FACTS

The IRS is conducting an investigation to determine the correctness of an individual tax returns ("Form 1040s") filed by Petitioner Ephram Lahasky for the calendar year ending December 31, 2004. Declaration of Neena I. Singh, dated May 19, 2010 ("Singh Decl.") ¶ 2. As part of its investigation, the IRS summoned Petitioner to testify and produce documents to explain various large deposits, and other questionable financial transactions, discovered in Petitioner Form 1040. Singh Decl. ¶ 3. However, Petitioner provided vague, inconsistent, partial and overall inadequate explanations related to the financial transactions which were discovered. Singh Decl. ¶ 4. Thus, in furtherance of its investigation and in order to obtain information that may be relevant to the collection of Petitioners' federal tax liabilities, on October 9, 2009, the IRS issued a third-party summons (the "Summons") to Capital One to produce documents related to Petitioners' bank accounts (including, but not limited to, #2106067321) for the year ending December 31, 2004. Singh Decl. ¶ 5.

Specifically, for the year ending December 31, 2004, the Summons required the production of:

1. Information of all bank accounts listed below but not limited to

    I. A/c # 2106067321 Capital One N.A.

2. All monthly statements, cancelled checks, deposit items, and deposit slips for all checking accounts maintained during the periods listed, whether open or closed.

3. Record of activity of all savings accounts, including deposits and withdrawals, maintained during the periods listed, whether open or closed.

4. Record of any time certificates maintained during the periods listed, whether open or closed.

5. Copies of any applications for loans or mortgages made during the periods listed, including net worth statements.

6. Proceeds checks and repayment ledgers for all loans or mortgages maintained during the above periods, whether open or closed.

7. Signature cards for all accounts.

8. All activities related to Cashier checks received, deposited or cashed etc.

9. Rental agreement and visitation log for any safety deposit box maintained during the above periods.

10. Copies of monthly statements for any credit cards maintained with the bank during the above periods.

11. A copy of all checks deposited into the taxpayer's bank account.

12. Escrow records including, but not limited to, purchase agreements, sales agreements, loan amortization schedules, repayment ledgers, checks, disbursements, copy of checks deposited into escrow account.

Singh. Decl. Ex. 1. In Agent Singh's professional judgment, this documentation was–and is–needed to reconcile Petitioner's explanations regarding the large deposits and other

questionable transactions which were discovered, and to otherwise properly investigate the correctness of Petitioner's tax return and the federal tax liabilities of Petitioners for 2004. Singh Decl. ¶ 6. The Summons was not issued to intimidate or harass Petitioners. Singh Decl. ¶ 7.

All administrative steps required by the Internal Revenue Code for issuance of summonses have been taken for the Summons. Singh Decl. ¶ 8. There is no "Justice Department referral" in effect with respect to Petitioner for the year under investigation. Singh Decl. ¶ 8.

The information sought in the Summons was not already in the IRS's possession. Singh Decl. ¶ 9. While Petitioner did provide some documentation to the IRS in the past, only selective and incomplete documents and information were provided; for example, no deposit slips or documentation were provided explaining Petitioners unexplained deposits in 2004. Singh Decl. ¶ 9.

The Summons was returnable on November 9, 2009. Singh Decl. ¶ 10 & Ex. 1. On October 23, 2009, Petitioner filed this motion to quash the Summons. Singh Decl. ¶ 11. On October 23, 2009, Petitioner also sought to quash a second third party summons served on Capital One seeking the same documents, from the same account, from 2005 and 2006. This motion was assigned to Judge Joanna Seybert, and argued the same bases for quashing that summons as Petitioner argues here: 1) the IRS is using its summons power to harass and pressure Petitioner; 2) the Summonses were issued with no legal basis; and 3) the documents requested were already in the IRS' possession. On January 26, 2009, Judge Seybert, *sua sponte*, denied Petitioner's application. *See* Docket Case No. 09-00688 (JS).

## ARGUMENT

## THE SUMMONS SERVED UPON
## CAPITAL ONE SHOULD BE ENFORCED

I.    **The IRS Has Established Its *Prima Facie* Case For Enforcement**

Section 7602(a) of the Internal Revenue Code authorizes the IRS to issue an administrative summons for "the purpose of ascertaining the correctness of any return . . . [or for] determining the liability of any person for any internal revenue tax . . . ." 26 U.S.C. § 7602(a); *see also United States v. Euge*, 444 U.S. 707 (1980). Specifically, Section 7602(a), in relevant part, authorizes the IRS:

> (1) To examine any books, papers, records or other data which may be relevant or material to such inquiry;
>
> (2) To summon . . . any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act . . . to appear before the Secretary at a time and place named in the Summons and to produce such books, papers, records, or other data, and to give such testimony under oath as may be relevant or material to such inquiry[.]

Indeed, the Supreme Court has noted that "[i]n order to encourage effective tax investigations, Congress has endowed the IRS with expansive information-gathering authority," and that section 7602 is the "centerpiece of that Congressional design." *United States v. Arthur Young & Co.*, 465 U.S. 805, 816 (1984). Moreover, Supreme Court precedent has repeatedly upheld the authority of the IRS under section 7602 as broad, favoring disclosure of all relevant information:

4

> [T]he very language of § 7602 reflects . . . a congressional policy choice *in favor of disclosure* of all information relevant to a legitimate IRS inquiry. In light of this explicit statement by the Legislative Branch, courts should be chary in recognizing exceptions to the broad Summons authority of the IRS or . . . disclosure under § 7602.

*Id.* (italics in original); *see also Euge*, 444 U.S. at 716, n.9 (noting that the IRS has "broad latitude to adopt enforcement techniques helpful in the performance of [its] tax collection and assessment responsibilities"); *see also PAA Mgmt., Ltd. v. United States*, 962 F.2d 212, 216 (2d Cir. 1992); *United States v. White*, 853 F.2d 107, 111 (2d Cir. 1988).

The United States may seek to compel compliance with a summons in the context of an action brought to quash the summons. 26 U.S.C. § 7609(b)(2)(A). In such a case, the United States has the initial burden of making a *prima facie* showing that the following requirement have been met:

    (a)    the investigation has a legitimate purpose;

    (b)    the summoned materials are relevant to the purpose;

    (c)    the information sought is not already within the IRS' possession; and

    (d)    the IRS followed the administrative steps required by the Internal Revenue Code.

*United States v. Powell*, 379 U.S. 48, 57-58 (1964); *see also United States v. LaSalle Nat'l Bank*, 437 U.S. 298, 318 (1978). The Second Circuit has held that "the [G]overnment's burden of proof of its compliance with the *Powell* standard is minimal." *White*, 853 F.2d at 111 (citations omitted); *see also United States v. Davey*, 543 F.2d 996, 1000 (2d Cir. 1976). The Government

can satisfy this minimal burden through the declaration of an agent of the IRS that shows compliance with the *Powell* criteria. *See White*, 853 F.2d at 111 (citations omitted).

Once this preliminary showing has been made, enforcement of the Summons is proper, unless any parties opposing enforcement of the Summons can establish that enforcement would constitute an abuse of the Court's process. *See Powell*, 379 U.S. at 58. In contrast to the Government's minimal burden of proof, the burden of proving that enforcement of the Summons would be improper "is a heavy one." *LaSalle Nat'l Bank*, 437 U.S. at 316; *see also White*, 853 F.2d at 111.

### A. The IRS Issued The Summons For A Legitimate Purpose

An administrative summons must be issued "in good-faith pursuit of the congressionally authorized purposes of § 7602." *LaSalle Nat'l Bank*, 437 U.S. at 318. As described above, an administrative summons may be issued for "the purpose of ascertaining the correctness of any return" or for "the purpose of determining the liability of any person for any internal revenue tax." 26 U.S.C. § 7602(a). In the present case, the IRS is examining the correctness of Form 1040 tax returns filed by Petitioner for the taxable year ending December 31, 2004.

Petitioner contends that there is no "legitimate purpose" for the Summons because, he alleges "there is no legal basis of any kind that would support the issuance of a summons as evidence by the complete absence of any citation to any legitimate basis for the issuance of summons on its face." Petition ¶ 9. However, the Supreme Court has rejected the notion that the IRS must demonstrate any "probable cause" before a summons is enforced. In *Powell*, the Court noted that the IRS can issue a summons to investigate "merely on suspicion that the law is being

6

violated, or even just because it wants assurance that it is not." 379 U.S. at 57 *quoting United States v. Morton Salt Co.*, 338 U.S. 632, 642-43.

Indeed, the "function of the district court . . . in an enforcement proceeding is not to test the final merits of the claimed tax deduction, but to assess within the limits of *Powell* whether the IRS issued its summons for a legitimate tax determination purpose." *White*, 853 F.2d at 116. Petitioners will have ample opportunity to test the merits of the underlying tax determination by challenging any adjustments proposed. Here, the IRS is authorized to issue a Summons "for the purpose of . . . determining liability of any person for any internal revenue tax . . . or collection of any such liability." 26 U.S.C. § 7602(a). Because IRS Revenue Agent Singh is conducting the investigation at issue for the legitimate purpose of investigating and collecting Respondent's income tax liabilities, the Government has satisfied the first *Powell* factor. *See* Singh Decl. ¶ 2. Thus, this Court should decline Petitioner's invitation to prematurely adjudicate the merits of those actions in this proceeding.

### B. The Summoned Information May Be Relevant To The Investigation Of Petitioner's Tax Returns

The second element of the *Powell* test requires that the Summons seek information that may be relevant to the purpose of the underlying investigation. In *United States v. Arthur Young & Co.*, 465 U.S. 805 (1984), the Supreme Court announced the controlling standard of "potential relevance" in summons enforcement cases:

> As the language of § 7602 clearly indicates, an IRS summons is not to be judged by the relevance standards used in deciding whether to admit evidence in federal court. *Cf.* Fed. R. Evid. 401 The language "may be" reflects Congress' express intention to allow the IRS to obtain items of even *potential* relevance to an ongoing investigation, without reference to its admissibility. The purpose of Congress is obvious: the Service can hardly be expected to know whether such

7

> data will in fact be relevant until it is procured and scrutinized. As a tool of discovery, the § 7602 summons is critical to the investigative and enforcement functions of the IRS, *see Powell*, 379 U.S. at 57; the Service therefore should not be required to establish that the documents it seeks are actually relevant in any technical, evidentiary sense.

465 U.S. at 814 (emphasis in original). As the Second Circuit has recognized, "the [relevancy] threshold the Commissioner must surmount is very low." *United States v. Noall*, 587 F.2d 123, 125 (2d Cir. 1978); *United States v. Davey*, 543 F.2d 996, 1000 (2d Cir. 1976) (the burden on the Government is to "ma[k]e a minimal showing of relevancy"). Specifically, the relevance standard long employed by the Second Circuit in summons enforcement proceedings is whether the documents at issue might throw light upon the tax liabilities under investigation. *See Noall*, 587 F.2d at 125; *United States v. Harrington*, 388 F.2d 520 (2d Cir. 1968); *Foster v. United States*, 265 F.2d 183 (2d Cir. 1959).

During Agent Singh's audit of Petitioners' Form 1040, numerous unexplained deposits, and other questionable transactions, were discovered, and Petitioner provided inconsistent and partial explanations for these transactions. Singh. Decl. ¶¶ 3-4. The records sought by the Summons consist of documents related to Petitioners' bank account–such as, *inter alia*, monthly statements, canceled checks, and deposit slips–for the 2004 tax year. Singh Decl., Ex. 1. In Agent Singh's professional judgment, the requested documentation is necessary to reconcile Petitioner's explanations regarding the questionable transactions that have been discovered, and to properly investigate the correctness of Petitioner's tax returns and the federal tax liabilities of Petitioner for the year ending December 31, 2004. Singh Decl. ¶ 6.

Thus, the second *Powell* factor has been satisfied.

8

### C. The IRS Does Not Possess The Summoned Information

Agent Singh's declaration also establishes that the summoned documents are not already in the possession of the IRS. Singh Decl. ¶ 9. Although it is true that Petitioner has provided some documentation to the IRS in the past, only selective and incomplete documents and information has been provided. Singh Decl. ¶ 9. Indeed, the summoned documents have not yet been produced; for example, no deposit slips or documentation explaining Petitioners' unexplained deposits were provided from 2004. Singh Decl. ¶ 9. Significantly, despite their claim that "[t]he IRS already possess all relevant information to determination of whether [Petitioners] may be liable under any internal revenue statute," Petition ¶ 9(c), Petitioner provides no specifics as to which, if any, of the summoned documents they have produced before.

Even if Petitioners has produced some of the requested documents previously, the IRS should be afforded the opportunity to review records of the same transactions maintained by third party recordkeepers in order to ascertain whether the information in each set of documents is consistent. This is not evidence of bad faith, but simply indicates a thorough investigation. Put another way, the IRS is entitled to check the consistency and completeness of records it may have obtained from other sources against Petitioner's records; the IRS is not limited to one party's production of documents production of documents and may seek similar information from a variety of sources to obtain the most complete picture of Petitioner's activities.

In sum, the third *Powell* factor has been satisfied.

### D. The IRS Followed All Procedures Required By The Internal Revenue Code

Petitioner claims that the Summonses are defective because "[i]t is well settled precedent summons must state the 'liability' (actual or ostensible) for which it is issued." Brief at 3.

9

Notwithstanding, all procedures required by the Internal Revenue Code were followed with respect to the Summons. Singh Decl. ¶ 8. Pursuant to 26 U.S.C. § 7609(a)(3), a summons must only "identify the taxpayer to whom the summons relates, or the other person to whom the records pertain and shall provide such other information as will enable the person summoned to locate the records required under the summons." Indeed, it is only necessary that the documents are described with sufficient particularity. *Oklahoma Press Pub' Co. v. Walling*, 327 U.S. 186, 209 (1946). The Summons meet these requirements, as they name the Petitioner involved, his address and social security number, his bank account number, and provide specifically tailored document requests related to that account. Singh Decl. Ex. 1. Thus, all procedures required by the internal revenue code have been complied with, and the fourth *Powell* factor has been satisfied.

## II. Petitioner Cannot Meet Their "Heavy Burden" To Quash The Summons

Once the United States makes a *prima facie* showing, as is done here in the Singh Declaration, the burden shifts to Petitioner to prove that enforcement of the summons would be an abuse of the court's process. *Powell*, 379 U.S. at 58. Since summons enforcement actions are intended to be summary proceedings, the burden on the United States to make out its *prima facie* case is "a slight one," but the burden on Petitioner to demonstrate abuse of process is a "heavy one." *LaSalle Nat'l Bank*, 437 U.S. at 316; *see also White*, 853 F.2d at 111.

Although Petitioner makes several arguments contending that the Summons was improperly issued and should be quashed, none of these are supported by affidavits or other evidence. Petitioner alleges that the Summons is a mere "fishing expedition" conducted with the mere hope that the IRS will find something, Briefs at p. 4, and that it was issued without legal

10

basis and as an attempt to "harass or intimidate" them. Petition at ¶ 9(a). A court must look at the "institutional posture" of the IRS to determine whether the Summonses were issued with the intent to harass a taxpayer. *LaSalle Nat'l Bank*, 437 U.S. at 316. Thus, a taxpayer must disprove the *actual* existence of a valid purpose by the IRS in issuing the summons, and this burden is not met where mere conclusory allegations are presented without specific facts to reveal an improper purpose. *Id.*

Here, and as discussed above and in the Singh Declaration, the IRS had a valid purpose in issuing the Summons. Specifically, the summoned records are relevant to the IRS' determination of the correctness of a return filed by Petitioner. Singh Decl. ¶ 6. Indeed, during Agent Singh's audit of Petitioner's Form 1040, numerous unexplained deposits, and other questionable transactions, were discovered, and Mr. Lahasky provided inconsistent and partial explanations for these transactions. Singh. Decl. ¶ 3. The records sought by the Summons consist of documents related to Petitioner's bank account–such as, *inter alia*, monthly statements, canceled checks, and deposit slips–for the 2004 tax year. Singh Decl., Ex. 1. In Agent Singh's professional judgment, the summoned documentation is necessary to reconcile Petitioner's explanations regarding the questionable transactions that have been discovered, and to further investigate the correctness of Petitioner's tax returns and federal tax liability of Petitioner for 2004. Singh Decl. ¶ 6.

Put simply, Petitioner's unsubstantiated allegations of improper purpose and harassment are facially insufficient to overcome the government's demonstrated legitimate purpose for issuing the Summonses, and Petitioner's application to quash the Summons should therefore be denied. *LaSalle Nat'l Bank*, 437 U.S. at 315-16.

## CONCLUSION

Respondents' have established its *prima facie* case that the Summons should be enforced. Petitioner has not met his heavy burden of refuting that *prima facie* case or demonstrating that enforcement would be an abuse of the Court's process. The Court, therefore, should deny the petition to quash, and enforce the Summons.

Dated: Central Islip, New York
       May 19, 2010

                                     LORETTA E. LYNCH
                                     United States Attorney
                                     Eastern District of New York
                                     610 Federal Plaza
                                     Central Islip, New York 11722

                 By:     s/ *Robert W. Schumacher*
                                     Robert W. Schumacher
                                     Assistant United States Attorney
                                     (631) 715-7871

## DECLARATION OF SERVICE

LUCIE DESINOR, hereby declares and states as follows:

That on the 19th day of May, 2010 I caused to be mailed by Federal Express mail delivery from 610 Federal Plaza, 5th Floor, Central Islip, New York, the following:

**DECLARATION OF REVENUE AGENT NEENA L. SINGH**

**CROSS-PETITION**

**RESPONDENTS' MEMORANDUM OF LAW IN OPPOSITION TO PETITIONER'S MOTION TO QUASH, AND IN SUPPORT OF CROSS-MOTION TO ENFORCE, INTERNAL REVENUE SERVICE THIRD-PARTY SUMMONS**

of which the annexed is a true copy contained in a securely enclosed postpaid wrapper directed to the person(s) at the place(s) and address('es) as follows:

Ephram M. Lahasky
130 Lord Avenue
Lawrence, New York 11559

The undersigned affirms under penalty of perjury that the foregoing is true and correct.

Dated: Central Islip, New York
May 19, 2010

/s/ Lucie Desinor
LUCIE DESINOR